JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

13 CV 1536

SUNDA CROONQUIST, GEORGE CAPSIS, FRITZ BEAUTE, ANTHONY MONGIARDO, HERBERT WHEELER and OLATOKUMBO ERINOSHO, on their own behalf and on behalf of others similarly situated,

Plaintiffs,

-against-

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RAYMOND KELLY, in his capacity as Police Commissioner of the City of New York (NYC Police Department); NEW YORK CITY POLICE DEPARTMENT; CHRISTIA RICH (New York City Police Officer, 6th Precinct, Shield No. 10156); "JOHN" PEREZ (New York City Police Officer, 6th Precinct, Shield No. X); "JOHN" JIMENEZ (New York City Police Officer, 94th Precinct, Shield No. 900406); SAMUEL SHARMAN (New York City Police Officer, 79th Precinct, Shield No. 3717); CONNIE DUNCAN (New York City Police Officer, 113th Precinct, Tax Reg. No. 941689); PHILIP PICCIANO (New York City Police Officer, 73rd Precinct, Shield No. 16048) and NEILRODR DEY (New York City Police Officer, 9th Precinct, Shield No. 3504),




Defendants.

-------------------------------------------------------------------X

Plaintiffs Croonquist, Capsis, Beaute, Mongiardo, Wheeler and Erinosho (collectively the "Plaintiffs"), by their attorneys, Advocates for Justice, Chartered Attorneys, allege as follows:

## NATURE OF THE CASE

1. This is a civil rights action under 42 USC § 1983 arising from false arrest/false imprisonment and the use of excessive force perpetrated by Police Officers of the New York City Police Department ("NYPD") during the arrests of the Plaintiffs. These incidents took place in May 2012, February 2012, January 2012, and January 2013, August 2012, respectively. It is alleged that the use of excessive force arises as a result of either a policy to use excessive force

adopted or condoned by the NYPD, and/or as a result of poor training of officers by the NYPD. The Plaintiffs are entitled to compensatory damages for the harms suffered as a result of Defendants' unlawful actions, punitive damages to punish and deter the Defendants from engaging in similar unlawful actions in the future, and reasonable attorney fees and costs.

## PARTIES

2. Plaintiff **Sunda Croonquist** is a citizen of the United States, and resides in Los Angeles, California and has a residence in New York, New York. Ms. Croonquist is an actor/entertainer. She does not have a criminal record. She sustained injuries as a result of an arrest in August 2012.

3. Plaintiff **George Capsis** is a citizen of the United States and resides in New York, New York. At the time of the incident, Mr. Capsis was 84 years old. Mr. Capsis is an editor of a monthly newspaper in the West Village. He does not have a criminal record. He sustained injuries as a result of an arrest in May 2012.

4. Plaintiff **Fritz Beaute** is a citizen of the United States and resides in Brooklyn, New York. Mr. Beaute works for the New York City Department of Education as a delivery driver. He did not have a criminal record. He sustained injuries as a result of an arrest in February 2012.

5. Plaintiff **Anthony Mongiardo** is a citizen of the United States and resides in Nassau County, New York. Mr. Beaute works for the New York City Housing Department as an elevator mechanic. He did not have a criminal record. He was falsely arrested in January 2013.

6. Plaintiff **Herbert Wheeler** is a citizen of the United States and resides in Queens, New York. Mr. Wheeler works for the New York City Transit Authority as a bus operator. He did not have a criminal record. He was falsely arrested in January 2011.

7. Plaintiff **Olatokumbo Erinosho** is a citizen of the United States and resides in Brooklyn, New York. Ms. Erinosho works for New York Police Department in the Parking Enforcement Division as a Tow Operator. She does not have a criminal record. She sustained injuries as a result of an arrest in January 2012.

8. Defendant **Raymond Kelly** was at all relevant times Police Commissioner of the City of New York, in which capacity he heads up the NYPD. He is sued only in his official capacity.

9. The **NYPD** is being sued under 42 USC § 1983, pursuant to Monell v. Department of Social Services, 436 US 658 (1978), on the grounds that the violation of Plaintiffs' and Plaintiffs' class' constitutional rights violations comport with a long standing custom, policy and practice.

10. Defendant Police Officer **Christia Rich** (Shield No. 10156), is an employee of the New York City Police Department. Upon information and belief, Officer Rich's place of business is the 6th Precinct located at 233 West 10th Street, New York, NY 10014. Officer Rich was the arresting officer of Plaintiff George Capsis and witnessed the alleged crime. Defendant Rich's partner, Defendant Police Officer **Juan Perez**, exerted excessive force in the arrest of Plaintiff Capsis. At all relevant times, Officers Rich and Perez were acting under the color of law and in the scope of their employment with the NYPD. Officers Rich and Perez are being sued in their individual capacity under 42 USC § 1983.

11. Defendant Police Officer **"John" Jimenez** (Shield No. 900406) is an employee of the New York City Police Department. Upon information and belief, Officer Jimenez's place of business is the 94th Precinct located at 100 Meserole Avenue, Brooklyn, NY, 11222. Officer Jimenez was the arresting officer of Plaintiff Fritz Beaute. Officer Jimenez exerted excessive

force in the arrest of Plaintiff Beaute. At all relevant times, Officer Jimenez was acting under the color of law and in the scope of his employment with the NYPD. Officer Jimenez is being sued in his individual capacity under 42 USC § 1983.

12. Defendant Police Officer **Samuel Sharman** (Shield No. 3717) is an employee of the New York City Police Department. Upon information and belief, Officer Sharman's place of business is the 79th Precinct, located at 263 Tompkins Avenue, Brooklyn, NY 11221. Officer Sharman was the arresting officer of Plaintiff Olatokumbo Erinosho. Officer Sharman exerted excessive force in the arrest of Plaintiff Erinosho. At all relevant times, Officer Sharman was acting under the color of law and in the scope of his employment with the NYPD. Officer Sharman is being sued in his individual capacity under 42 USC § 1983.

13. Defendant Police Officer **Connie Duncan** (Tax Reg. No. 941689) is an employee of the New York City Police Department. Upon information and belief, Officer Duncan's place of business is the 113th Precinct, located at 167-02 Baisley Blvd., Jamaica, NY, 11434. Officer Duncan was the arresting officer of Plaintiff Anthony Mongiardo. At all relevant times, Officer Duncan was acting under the color of law and in the scope of her employment with the NYPD. Officer Duncan is being sued in her individual capacity under 42 USC § 1983.

14. Defendant Police Officer **Phillip Picciano** (Shield No. 16048) is an employee of the New York City Police Department. Upon information and belief, Officer Picciano's place of business is the 73rd Precinct, located at 1470 East New York Avenue, Brooklyn, NY, 11211. Officer Picciano was the arresting officer of Plaintiff Herbert Wheeler. At all relevant times, Officer Picciano was acting under the color of law and in the scope of his employment with the NYPD. Officer Picciano is being sued in his individual capacity under 42 USC § 1983.

15. Defendant Police Officer **Neilrodr Dey** (Shield No. 3504) is an employee of the NYPD. Upon information and belief, Officer Dey's place of business is the 9th Precinct, located at 321 East 5th Street, New York, NY 10003. Officer Dey was the arresting officer of Plaintiff Sunda Croonquist. Officer Dey exerted excessive force in the arrest of Plaintiff Croonquist. At all relevant times, Officer Dey was acting under the color of law and in the scope of his employment with the NYPD. Officer Dey is being sued in his individual capacity under 42 USC § 1983.

## JURISDICTION

16. This court has original jurisdiction over this action pursuant to 28 USC §§ 1331 and 1343, because this action arises under Article III of the Constitution of the United States, the Fourth Amendment to the Constitution and various civil rights laws. The Court's pendent jurisdiction is also invoked.

17. There is no administrative exhaustion requirements for bringing this civil rights action under 42 USC § 1983.

18. All Plaintiffs except Wheeler served valid Notice of Claims on the New York City Comptroller's Office within 90 days of the incidents described hereinbelow. Plaintiff Fritz Beaute's 50-h Hearing was conducted on June 8 2012. Plaintiff Olatokumbo Erinosho's 50-h Hearing was conducted on March 7, 2012. Plaintiff George Capsis' 50-h Hearing was held on January 30, 2013. The 50-h Hearings of Plaintiff Croonquist was held on March 1, 2013. Plaintiff Mongiardo's 50-h Hearing is pending. Said Plaintiffs provided the City with executed HIPAA authorizations soon after or at these Hearings. To date, the City has failed to settle any of these matters administratively. Except in the case of Plaintiff Wheeler, this action is being

brought more than 30 days after the Notice of Claim was served on the City and within one year and 90 days after the incident.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs Croonquist, Capsis, Beaute, and Erinosho sue for injunctive relief (Count 3) on behalf of themselves and all others similarly situated individuals, and seek to represent, pursuant to Rule 23(a), Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, the class of all persons arrested by Officers employed by the NYPD, where excessive force was used in order to effectuate the arrest during the three years prior to the filing of this complaint.

20. Said plaintiffs are representatives of the aforedescribed class.

a. The class is so numerous that joinder of all members is impracticable.

b. There are questions of law and fact common to each class member involving the excessive use of force by the police

c. The claims or defenses of the representative parties are typical of the claims or defenses of the class members.

d. The representative said Plaintiffs will fairly and adequately protect the interests of the class. The violations alleged against Plaintiffs stem from the same course of conduct by Defendant Kelly that violated and continues to violate the rights of members of the class; the legal theory under which the Plaintiffs seek relief is the same or similar to that on which each class will rely. In addition, the harm suffered by the named Plaintiffs is typical of the harm suffered by the class members.

e. Counsel for said Plaintiffs are experienced in federal complex litigation and will vigorously pursue this action in the interest of each class member.

f. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because (i) the prosecution of hundreds or thousands of separate actions would be inefficient and wasteful of legal resources, and (ii) the issues raised can be more fairly and efficiently resolved in the context of a single class action than in piecemeal in many separate actions.

g. The NYPD has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## FACTUAL ALLEGATIONS UNDERLYING ALL CLAIMS

## COUNT ONE: EXCESSIVE FORCE

*(Section 1983; Officers Rich, Perez, Jimenez, Sharman, and Dey)*

21. A Police Officer may use only such force as is reasonably believed necessary under the circumstances. This force is excessive when it goes beyond what a police officer reasonably believes is necessary to effectuate a valid arrest.

### Assault of Croonquist

22. On August 4, 2012, at around 1:00 a.m., Plaintiff Croonquist, while standing outside her home at East 10th Street, New York, New York, complained to NYPD officers, including Defendant Dey, about an unruly crowd spilling out of a bar and onto the sidewalk in front of her home. As Plaintiff Croonquist began to photograph the inactivity of the police with her iPhone, Officer Dey told her to stop, brutally threw her to the ground, handcuffed her, face down, and pinned her to the ground, even though she was in shock and not resisting the arrest. Defendant Dey's assault occurred in front of plaintiff Croonquist's husband and two minor children. When her husband protested, he was threatened with arrest and placement of his

children into foster care. As a result of the throw-down, Plaintiff Croonquist suffered nerve damage in her arm, along with other bruises. Plaintiff Croonquist, who was charged with resisting arrest, was detained for 17 hours, after which the charges were dismissed.

23. Defendant Officer Dey could not have reasonably believed that the brutal throwing to the ground and physical assault of a non-resistant, slight-in-stature female, Sunda Croonquist, outside her home, in front of her husband and two young children, was reasonably necessary in the circumstances.

**Assault of Capsis**

24. On May 17, 2012, at around 4:00 p.m., Plaintiff Capsis, who was riding his bicycle two blocks from his home, complained to Defendant Rich that Rich's police vehicle had inappropriately pulled into the cyclists lane, from the main lane of traffic, and cut off Mr. Capsis, who was cycling in the bicycle lane. Plaintiff Capsis, while standing over his bicycle, was pinned against the police vehicle by Defendant Rich. Plaintiff Capsis was unable to get off his bicycle while Officer Rich shouted at him to move because Plaintiff Capsis has arthritis in his knees and because he was pinned in. When Plaintiff Capsis tried to free himself, Defendant Rich punched Plaintiff Capsis in the face and threw him to the ground, breaking Capsis' glasses and causing facial bruising. Plaintiff Capsis was taken to the 6th Precinct and then to the hospital, where he was treated while in handcuffs. After his return to the precinct, he was released, after he was charged with assaulting a police officer. After arraignment, the charges were dismissed for failure to prosecute.

25. Officer Rich could not have reasonably believed that punching 84-year-old Plaintiff Capsis in the face and throwing him to the ground was reasonably necessary under the circumstances.

**Assault of Beaute**

26. On February 10, 2012, at around 9.30 a.m., Plaintiff Fritz Beaute, while driving a New York City Department of Education vehicle, standing in front of a school, was violently pulled out of that vehicle after he disputed Defendant Jimenez' allegation that he was using his horn excessively. After being pulled out, Plaintiff Beaute had his arm violently twisted behind him as he was being handcuffed, causing injury to Plaintiff Beaute's shoulder and back. Upon arrival at the police station, Defendant Jimenez pushed Plaintiff repeatedly, even though he was cuffed and in severe pain, and could not stand up straight. Plaintiff was imprisoned for several hours and was eventually given only a traffic summons.

27. Defendant Officer Jimenez could not have reasonably believed that the twisting of the arm and handcuffing of an unresisting and co-operative Fritz Beaute in a manner causing a shoulder injury was reasonably necessary in the circumstances.

**Assault of Erinosho**

28. On January 9, 2012, at around 4:30 a.m., Plaintiff Olatokumbo Erinosho, a New York City Police Department truck driver, was violently pushed face-down to the ground by the larger, stronger male Defendant Police Officer Sharman, and handcuffed, causing her to suffer bruising and pain, when she questioned the towing of her vehicle by a New York City Marshall from the front of her residence. Plaintiff Erinosho was arrested and charged, falsely, with obstructing governmental administration and resisting arrest.

29. Defendant Officer Sharman could not have reasonably believed that violently pushing Plaintiff Erinosho to the ground face-down was reasonably necessary in the circumstances.

30. All Defendant Police Officers were acting within the scope of their employment, but in excess of their constitutional authority, at the time they acted as aforedescribed.

31. None of the Plaintiffs were arrested for violent or serious crimes, nor did any of them pose a threat to the officer or others at the time of the incidents. There was no active resistance to the arrest nor was there any attempt to evade arrest by flight. The force used exceeded that necessary to bring the Plaintiffs under control. No warning as to the possible use of the force used was given by any of the Defendant Police Officers prior to its use.

32. Neither physical assault nor the use of the aforedescribed force exerted by the Defendant Police Officers was reasonable in the circumstances. No reasonable Police Officer at the scene would have deemed the use of force in any of these cases necessary.

33. Plaintiffs' Constitutional rights under the Fourth Amendment were violated by the acts of the Defendant Police Officers, acts which were perpetrated deliberately.

34. The acts complained of by the Defendant Police Officers were within their official duties, but the manner of carrying out their official duty violated the Plaintiffs' Constitutional rights under the Fourth Amendment.

35. As a result of Defendants' aforedescribed unconstitutional conduct, the Plaintiffs suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life, for which each is entitled to an award of compensatory damages.

36. Because Defendants acted intentionally, maliciously, and with a reckless disregard for each Plaintiffs' rights, Plaintiffs are entitled to an award of punitive damages.

**COUNT TWO: FALSE IMPRISONMENT/FALSE ARREST**

*(Section 1983, Officers Rich, Perez, Jimenez, Sharman, and Dey)*

37. Each of the Plaintiffs aforedescribed was arrested and imprisoned.

38. Defendant Police Officers restrained, arrested, and imprisoned Plaintiffs without probable cause, arguable probable cause, or other legal justification, and without a need to restrain the affected plaintiff.

a. Plaintiff Croonquist was doing no more than taking photographs.

b. Plaintiff Capsis was doing no more than angrily criticizing the blocking of a bicycle lane.

c. Plaintiff Beaute was doing no more than arguing that he did not deserve a traffic summons.

d. Plaintiff Erinosho was trying to convince a Marshall that it was inappropriate to tow her car.

**Arrest of Anthony Mongiardo**

39. On January 13, 2013 at approximately 7.05pm at the intersection of 118 Avenue and 202 Street in Queens County, New York, Plaintiff Anthony Mongiardo was arrested by defendant Connie Duncan for possession of a controlled substance. The substance in question was oxycodone tablets. When questioned by Officer Duncan, who had illegally searched his car, Mongiardo produced a pill bottle with his prescription label intact, and he had in his possession a valid prescription for this quantity and strength of oxycodone. Plaintiff Mongiardo was prescribed these oxycodone pills for back pain resulting from a recent accident at work. Plaintiff Mongiardo was dragged from his car and falsely arrested for possession of a controlled substance that he had a valid prescription to possess.

57. As a result of Defendants' aforedescribed conduct, the Plaintiffs suffered physical injury, mental anguish, emotional distress, and loss of enjoyment of life, for which each is entitled to an award of compensatory damages.

58. Because Defendants acted intentionally, maliciously, and with a reckless disregard for each Plaintiffs' rights, Plaintiffs are entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiffs demand judgment against the Defendants as follows.

A. For the individual Plaintiffs:

i. Compensatory damages in an amount no less than one million dollars ($1,000,000) per plaintiff;

ii. Punitive damages in an amount no less than one million dollars ($1,000,000) per plaintiff;

iii. Attorneys' fees, costs, and disbursements; and

iv. Such other and further relief that Plaintiffs may be entitled under law, or as justice may require.

B. For the class:

i. An injunction:

a. barring the continued tolerance of the use of excessive force by the New York City Police Department; and

b. requiring regular training by the New York City Police Department of Police Officers about the constitutional rights of those facing arrest and about how to effectuate arrests without use of excessive force;

ii. Attorneys' fees, costs, and disbursements; and

iii. Such other and further relief as is just and equitable.

**JURY DEMAND**

Plaintiffs demand a jury trial.

Dated: New York, New York
March 1, 2013

ADVOCATES FOR JUSTICE
CHARTERED ATTORNEYS
Attorneys for Plaintiffs

By:______________________________
Arthur Z. Schwartz (AZS 2683)
Tracey L Kiernan
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@afjlaw.com